# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

EDDIE BROWN, ADC #146319                    *
                                            *
                        Plaintiff,          *
v.                                          *
                                            *          No. 4:12-cv-00301-SWW-JJV
DALE REED, Warden, Ouachita River           *
Unit, Arkansas Department of Correction;    *
*et al.,*                                   *
                        Defendants.         *

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

Eddie Brown is an inmate at the Arkansas Department of Correction (ADC) Ouachita River Unit.  He filed the instant Complaint *pro se* in accordance with 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges that jailers used excessive force against him and that his due process rights were violated. (*Id.*)  After careful review, the Court finds that the Complaint fails to state a claim upon which relief may be granted against Defendants Reed, Hobbs, Naylor, Machan and Roberson.

## I.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

## II.   ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

According to his Complaint, Corporal Ford began provoking Plaintiff for no reason. (Doc. No. 2 at 5-6.) The provocation led to an altercation and Plaintiff was beaten and sprayed with mace by Sergeant Mitchell. *Id.* at 7-9. Plaintiff was later denied a promotion in class as a result of being found guilty for causing the altercation. *Id.* at 10-11.

After careful review of the Complaint and supporting documents (Doc. No. 2), the Court finds that Plaintiff fails to state a claim upon which relief may be granted against the following defendants:

### A.      Director Ray Hobbs

The Court finds no mention of Director Hobbs within Plaintiff's Complaint. Even if Mr. Hobbs was mentioned, based on the facts alleged, Plaintiff would only claim a theory of respondeat superior liability. In a § 1983 cause of action, an official can only be held liable for his own conduct and cannot be held liable for the misconduct of his subordinates under a theory of respondeat superior liability. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Whitson v. Stone Cnty Jail*, 602 F.3d 920, 928 (8th Cir. 2010). A supervisor may, however, be held liable for failing to adequately train or supervise a subordinate. *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994). Plaintiff does not allege that Mr. Hobbs was directly involved in the alleged violation of his constitutional rights or that he failed to adequately train or supervise the prison staff leading to this alleged incident. Plaintiff fails to state a claim upon which relief may be granted.

### B.      Warden Dale Reed and Mason Roberson

Plaintiff states Defendants Reed and Roberson were involved in wrongly denying his class promotion. Plaintiff specifically states they denied his class promotion based on a policy that was not in effect at the time he received his disciplinary infraction. (Doc. No. 2 at 11.) After close scrutiny of Plaintiff's claim, it appears this question has previously been addressed by the United

4

States Court of Appeals for the Eighth Circuit.  In *Kennedy v. Blankenship*, the court stated:

> In essence, Kennedy claims a federal constitutional liberty interest in having state officers follow state law. But in making this claim, Kennedy misinterprets the nature of procedural due process. If Kennedy has a liberty interest, it is an interest in the nature of his confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined. *See Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); *Griffin-El v. Delo*, 34 F.3d 602, 604 n. 3 (8th Cir. 1994) (inmate does not have a liberty interest in a particular procedure). The Due Process Clause of the Fourteenth Amendment, not state law, governs the procedures which the state must follow in depriving Kennedy of a substantive liberty interest.  *See Vitek v. Jones*, 445 U.S. 480, 491, 100 S.Ct. 1254, 1262-63, 63 L.Ed.2d 552 (1980); *Brown v. Frey*, 889 F.2d 159, 166 (8th Cir.1989) ("[T]he court's inquiry is not whether the [state] statute and therefore the Constitution is violated but whether the process afforded plaintiff 'satisfied the minimum requirements of the Due Process Clause.' ") (quoting *Hewitt*[*v. Helms*], 459 U.S. at 472, 103 S.Ct. at 871-72), cert. denied, 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990).  Kennedy does not argue that the Due Process Clause itself creates a liberty interest in this case, that is, that punitive isolation is beyond "the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Kennedy's only argument is that the state failed to follow its own procedural rules and thus failed to afford him the due process of law mandated by the Constitution. But, as we have stated above, the Due Process Clause does not federalize state-law procedural requirements.

*Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

Based on this *Kennedy* rationale, the Court concludes that Plaintiff's claims against Warden Reed and Mason Roberson should be dismissed for failure to state a claim upon which relief may be granted.

### C.    **Major Tony Machan**

Plaintiff alleges that Major Machan told Plaintiff that he "was going to do an investigation" about Plaintiff's assault by Corporal Ford (Doc. No. 2 at 9), but later said he was not going to investigate because Plaintiff was not assaulted.  *Id.* at 14.  Plaintiff's claim against Major Machan fails to raise an issue of constitutional proportion and should be dismissed.

5

###### D.      Raymond Naylor

Plaintiff's Complaint is silent on how Mr. Naylor may have violated his constitutional rights. So Mr. Naylor should be dismissed a party to this action.

###### E.      Official Capacity Claims

Plaintiff's money damages claims against all defendants in their official capacities are barred by the doctrine of sovereign immunity.  The doctrine of sovereign immunity bars the recovery of monetary damages from state actors acting in their official capacity.  *See Fegans v. Norris*, 537 F.3d 897, 908 (8th Cir. 2008) (state employees acting in their official capacity are immune from civil suits for damages); *Hagemeier v. Block*, 806 F.2d 197, 203 (8th Cir. 1986) (sovereign immunity bars claims against officials in their official capacities).  A state actor, however, may be sued in his or her official capacity, if the plaintiff seeks injunctive or prospective relief for a legally cognizable claim. *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989); *see Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009) (Eleventh Amendment does not bar claims for prospective injunctive relief against public officials in their official capacities).  Mr. Brown seeks redress only in the form of monetary damages, including both punitive and compensatory damages. (Doc. No. 2 at 12.)  His official capacity claims for monetary damages are barred by the doctrine of sovereign immunity and should, therefore, be dismissed.

###### F.      Temporary Restraining Order

In his prayer for relief, in addition to money damages, Plaintiff states he seeks "a temporary restraining order pending my case to prevent further violations." *Id.*  In considering whether to grant injunctive relief, the Court must consider the following factors:  (1) the threat of irreparable harm to the movant;  (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits;

and (4) the public interest.  *Dataphase Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*).  No single factor is dispositive, but the movant must establish a threat of irreparable harm.  *Id*.  Without a finding of irreparable injury, a preliminary injunction should not be issued.  *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999).  "The burden of proving that a preliminary injunction should be issued rests entirely with the movant."  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).  The *Goff* court also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration'…[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate."  *Id*. at 520-21 (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

The Court finds Plaintiff does not present any facts or evidence to support a finding of irreparable harm to support his request.  Absent such support, the Court is reluctant to interfere with prison administration at this stage of the proceedings, as set forth in *Goff, supra*.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Defendants Reed, Hobbs, Naylor, Machan, and Roberson should be DISMISSED from this cause of action for Plaintiff's failure to state a claim upon which relief may be granted.

2.   Plaintiff's official capacity claims against all Defendants should be DISMISSED.

3.   Plaintiff's request for a temporary restraining order should be DENIED.

DATED this 28th day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE